By the Court.—Barbour, C. J.
This action was brought to recover the difference between the actual value, and the contract price of five hundred shares of Brooklyn City ¡Railroad stock, which the complaint alleges were sold at auction by the defendant, an auctioneer, to the plaintiffs, acting through their brokers, Eggleston & Smith, and which he failed and refused to deliver on tender and offer of payment. The complaint alleges in effect, among other things, that the defendant was authorized by Belmont & Co. to sell the stock in question at a limited price, not less than two hundred and ten per cent.; that the defendant did not disclose the name of his principals at the sale, and the plaintiffs were, therefore, compelled to rely in making their purchase upon the personal responsibility of the defendant. The defendant avers in his answer that he was *205 employed as an auctioneer by Belmont & Co., to sell the stock in question ; that Belmont & Co. did, through him, sell it to Eggleston & Smith, acting as brokers for the plaintiffs, and that such stock was not sold by the defendant upon his own account. The answer also alleges that no written contract or memorandum of such sale and purchase, sufficient to bind the defendant within the terms of the statute, was made at the time of the said sale. The referee before whom the action was tried, found and reported, inter alia, that Belmont & Co., in giving instructions to the defendant to sell the stock, limited him to the price of two hundred and ten per cent. ; that the plaintiffs employed Eggleston & Smith as brokers, to purchase the stock for them; that Eggleston “ attended the sale, and bid off and had struck •down to him on behalf of the plaintiffs in the legal and usual manner at public auction,” the stock in question; but he did not find and report that any such entry as is required by the statute (2 R. S. 533, § 39) was made by the auctioneer at the time of the sale, nor even, in terms, that the stock was sold by the defendant to or for account of the plaintiff. Upon those facts, with the further facts in regard to offer of payment, refusal to deliver, etc., also found as laid in the complaint, the referee decided, as a conclusion of law, that the plaintiffs were entitled to recover the difference between the purchase price of the stocks and their actual value, and thereupon the judgment appealed from was entered.
Several exceptions were taken to the report of the referee, upon the ground that he had omitted to find certain facts; but as the case does not show that he was requested by the defendant’s counsel so to find, those exceptions must be overruled. It is also easy to see that the referee’s finding that the defendant was limited in his power of sale, by the instructions of Belmont & Co., was fully justified by the positive testimony of two -competent witnesses, and, therefore, the exception in *206 that regard cannot be sustained. The exception taken to the legal conclusion of the referee, however, requires more consideration. .
As no notice was given by the auctioneer that he was not himself the owner of the property offered for sale, it cannot properly be claimed by the plaintiffs that they were in any way defrauded or injured because of the fact that the defendant was not authorized by Belmont & Go. to sell the stock for the price at which it was struck off. Their right to recover rests wholly upon the fact that the defendant sold to them the stock in question as his own. It is true, the complaint alleges that the defendant acted in the sale of the stock as the agent of Belmont & Go., but exceeded his instructions. That allegation, however, did not constitute or tend to constitute a substantive cause of action, but was, probably, inserted in the complaint for the mere purpose of enabling the plaintiffs to prove upon the trial, that the stock was not only struck off, but that such an entry or statement of the rule as the statute requires was made by the auctioneer, although containing the name of Belmont & Co., as the sellers, so as to bring the case within the principle covered by the decision of the Court of Appeals in Bush v. Cole, 28 N. Y. 261. Be that as it may, however, it is quite clear that the legal conclusion in question was erroneous, if the plaintiffs had failed upon the trial to establish the fact that the stock was actually sold by the defendant to the plaintiffs, nor can the judgment be upheld here, unless that fact appears, as so established, in the papers laid before the court on appeal.
It is not necessary to consider whether the defendant must not, as matter of law, be presumed, in the absence of evidence to the contrary, to have performed the duty imposed upon him by statute, and made the proper entry of the sale upon his book, at the time ; for the admission in the answer that the stock in question *207 was “sold” by the defendants, must "be construed, under the well-known rules of pleading, as an admission that everything was done "by him that was necessary to constitute a valid sale, including, of course, the entry required "by the statute, and which, alone, gave validity to the sale, notwithstanding the general provisions of the statute of frauds (See 2 R. S. 136, § 4).
The fact of the sale, thus established upon the trial, ought to have been found directly by the referee ; for it was so important that without it the plaintiffs would not have been entitled to recover, and, therefore, the legal conclusion of the referee would have been erroneous (Nelson v. Ingersoll, 27 How. Pr. 1; Rogers v. Beard, 20 Id. 98; Tomlinson v. The Mayor, etc., 23 Id. 452; Leffler v. Field, 33 Id. 385; Sinclair v. Talmage, 35 Barb 602). But he did not, in terms, find that fact, but only found directly, that the plaintiffs’ agent was the highest bidder for the stock, and that it was struck off to him; facts which, of themselves, are not sufficient to establish a legal sale. In his findings of fact, however, he several times uses the word sale, in connection with the transactions between the plaintiffs’ agent and the defendant, at the time of, and subsequent thereto, in such a manner that it may reasonably be inferred he had decided, as the fact undoubtedly was, that the stock was actually sold by the defendant; and that must be held sufficient to sustain the referee’s legal conclusion, notwithstanding the exception.
No other exceptions being presented, the judgment should be affirmed, with costs.